# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SETH TUCKER, on behalf of himself and all others similarly situated, | Case No. 1:19-cv-1055 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| vs. | JURY TRIAL DEMANDED |
| CREDIT BUREAU OF CARBON COUNTY, INC. d/b/a CollectionCenter, Inc. | |
| Defendant. | |

Plaintiff, SETH TUCKER ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CREDIT BUREAU OF CARBON COUNTY, INC. d/b/a CollectionCenter, Inc. (hereinafter, "Defendant") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION & VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue is proper in the United States District Court for the District of New Hampshire because Defendant does or transacts business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Concord, Merrimack County, State of New Hampshire and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant is a Wyoming business corporation and debt collector headquartered in the City of Rawlins, Carbon County, State of Wyoming.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS

15. Within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding consumer debt.

16. In February 2019, in its attempt to collect the alleged debt owed by Plaintiff, Defendant sent Plaintiff a collection letter dated February 28, 2019 (hereinafter, "Collection Letter"). (A true-and-correct copy of which is attached hereto as Exhibit A).

17. The frontside of the Collection Letter, *inter alia*, states that: "If you pay in full all collection activity will stop."

18. The Collection Letter employs false, deceptive, or misleading representations, including that paying the alleged debt in full as a lump sum is the only way all collection activity will stop.

19. All debt collection activity could stop if the Defendant's client recalls the account.

20. All debt collection activity could stop if the consumer files for bankruptcy.

21. All debt collection activity could stop if Defendant and consumer work out a payment plan and the consumer pays on the payment plan without default.

22. All debt collection activity could stop if a consumer disputes owing the alleged debt.

23. All debt collection activity could stop if a consumer does not owe the alleged debt.

24. All debt collection activity could stop if Defendant's client accepts an amount less than the "Total Due" amount on the Collection Letter to settle the debt.

25. The frontside of the Collection Letter, *inter alia*, states that:

> A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect a debt.

26. The Collection Letter employs false, deceptive, or misleading representations, including that written cease-and-desist request is the only means that a consumer may use to request for collection agency to cease communications with the consumer.

27. FDCPA jurisprudence recognizes that consumers may orally request that a collection agency cease communications with the consumer.

28. The frontside of the Collection Letter, *inter alia*, states to: "SEE REVERSE FOR IMPORTANT NOTICE."

29. The backside of the Collection Letter provides, *inter alia*, a block of text regarding dispute rights, which states:

> Unless you, the consumer, notify this collection agency within thirty days after the receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, notify this collection agency in writing within thirty days after receipt of this notice, that the debt or any portion thereof is disputed, this collection agency will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this collection agency. Upon your written request sent within thirty days after receipt of this notice, this collection agency will provide you with the name and address of the original creditor if different from the current creditor.

30. Even though the backside of the Collection Letter includes disclosures with regard to a consumer's rights to dispute the validity of a debt, the false, deceptive, or misleading representations on its frontside overshadow or are inconsistent with those rights.

31. Under the FDCPA, validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the least sophisticated consumer.

## **CLASS ALLEGATIONS**

32. Plaintiff brings this claim individually and on behalf of a class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) (the "Class").

33. Plaintiff seeks to represent the Class defined as:

> All consumers in the United States of America who were sent a letter that is identical to or is substantially the same form as the Collection Letter by or on behalf of Defendant, which seeks to collect an alleged consumer debt, within one year prior to the filing of this action and which was not returned as undeliverable.

34. On information and belief, the class is so numerous that joinder of all members is not practicable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate the specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds, if not thousands, of persons.

35. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (a) whether Defendant's collection letter employs false, deceptive, or misleading representations; and (b) whether Defendant's Collection Letter overshadows and is inconsistent with the disclosure of Plaintiff's right to dispute the alleged debt.

36. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff has no interest adverse or antagonistic to the interest of the members of the Class.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the Class are likely to be unaware of their rights; and

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

40. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

41. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
(By Plaintiff and the Class Against Defendant)

42. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full herein.

43. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

   a. Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of § 1692e of the FDCPA;

   b. Using any false representation or deceptive means to collect or attempt to collect any debt, in violation of § 1692e(10) of the FDCPA; and

   c. By engaging in collection activities that overshadowed or were inconsistent with the disclosure of the consumer's right to dispute the alleged debt, in violation of § 1692g(b) of the FDCPA.

44. Plaintiff alleges that to the extent that Defendant's actions, detailed above, violated the FDCPA, those actions were done knowingly and willfully.

45. As a direct and proximate result of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, Plaintiff and the members of the Class have suffered injury, and may each recover from Defendant one-thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

46. The violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

   A. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

   B. For statutory damages of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to 15 U.S.C. § 1692k;

   C. For reasonable attorneys' fees and costs of suit; and

D.  For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

By: /s/ Rosanna T. Fox
Rosanna T. Fox
NH Bar ID: 17693
12 Eldorado Circle
Nashua, NH 03062
603-261-0382 – office
866-526-1602 – facsimile
rosief13@comcast.net
Attorney for Plaintiff